# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDRES PALACIO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    Case No. CIV-26-393-PRW |
| | ) |
| WARDEN OF CIMARRON | ) |
| CORRECTIONAL FACILITY,[1] | ) |
| | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

Petitioner Andres Palacio, a noncitizen proceeding pro se,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge Patrick R. Wyrick referred the case to the undersigned Magistrate Judge under

---

[1]    Pursuant to Fed. R. Civ. P. 25(d), the Court adds Department of Homeland Security (DHS) Secretary Markwayne Mullin, and Todd Blanche (the acting Attorney General) as Respondents. The Warden of Cimarron Correctional Facility is not a federal official, so the response is not filed on behalf of the Warden. *See* Doc. 7, at 8 n.1.

[2]    This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court liberally construes a pro se litigant's pleadings, but cannot serve as Petitioner's advocate or create arguments on his behalf. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[3]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Respondents have responded, Doc. 7, and the time for a reply has lapsed. So the matter is at issue.

For the reasons below, the undersigned recommends the Court deny the petition.

## I.    Factual background and procedural history.

Petitioner, a Nicaraguan citizen, alleges he entered the United States on September 1, 2010. Doc. 1, Att. 1, at 1. On August 8, 2025, the Department of Homeland Security (DHS) issued a Notice to Appear (NTA) and charged him as removable as an immigrant allegedly lacking valid immigrant entry documents and as a noncitizen present in the United States without being admitted or paroled under 8 U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I). Doc. 7, at 9 & Att. 1. Petitioner sought a re-determination of custody, which the Immigration Court denied, finding it lacked jurisdiction to consider the request. *Id.* at 9 & Att. 2. Petitioner sought cancellation of removal and adjustment of status on October 1, 2025. *Id.* at 9-10 & Att. 3.

## II.    Petitioner's claims.

Petitioner raises four grounds for relief:

Ground One: prolonged detention in excess of six months in violation of *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001);

Ground Two: Immigration and Customs Enforcement's (ICE) prolonged detention of Petitioner violates the Fifth Amendment due process clause;

2

Ground Three: ICE's violation of the Immigration and Nationality Act and its own regulations violates his due process rights; and

Ground Four: ICE has violated its own regulations under the Administrative Procedure Act.

Doc. 1, at 7-8.

Petitioner asks this Court to immediately release him on an order of supervision. *Id.* at 8.

## III.   Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687-88).

## IV.   Discussion.

### A.   Petitioner cannot show a deprivation of his due process rights under *Zadvydas.*

In Grounds One and Two, Petitioner asserts that his prolonged detention violates *Zadvydas*, and in turn, his substantive due process rights. Doc. 1, at

3

7. This Court may issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The Fifth Amendment's Due Process Clause forbids the Government to 'depriv[e]' any 'person. . . of . . . liberty . . . without due process of law.' Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690.

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). This period is called the "removal period." *Id*. The removal period begins once the removal order "becomes administratively final," § 1231(a)(1)(B)(i), meaning the Board of Immigration Appeals (BIA) has affirmed it on appeal or the time to file an appeal has expired. *Id*. § 1101(a)(47)(B). In certain enumerated circumstances, an alien "may be detained beyond the removal period." *Id*. § 1231(a)(6); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 528-29 (2021) (providing that an alien may be detained beyond the removal period where (1) the alien fails to make a timely application for travel documents or acts to prevent his removal; (2) removal is not practicable or proper; (3) the alien is inadmissible, removable as a result of violations of status requirements, or there are national security or foreign

4

policy reasons for not removing the alien; or (4) the alien is a risk to the community or unlikely to comply with a removal order).

In *Zadvydas*, the Supreme Court explained that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem." 533 U.S. at 690. As a result, the Court construed § 1231(a)(6) to limit "an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. "Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699-700.

Under *Zadvydas*, six months of post-removal order detention is "presumptively reasonable." *Id.* at 701. After this point, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* This presumption does not mean that every alien must be released if not removed after six months in detention. *Id.* Rather, "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Petitioner's removal proceedings began August 8, 2025. On April 1, 2026, the Immigration Judge (IJ) issued an order of removal.[4] Petitioner filed this action before the IJ issue the removal order, so his claim is premature.

### B.    Petitioner does not state a due process violation.

In Ground Two, Petitioner argues he

> has been detained since 08/09/2025 and without any given adequate notice that demonstrate changed circumstances that render my removal significantly likely in the reasonably foreseeable future, which has caused me and my family not just a financial burden but also mental stress and severe depression.

Doc. 1, at 7.

Petitioner does not challenge the procedures of his arrest and detention, nor does he allege he was denied a bond hearing. Although he has been detained since August 2025, the IJ issued an order of removal on April 1, 2026, and Petitioner may appeal that ruling. Even liberally construing the petition, the Court identifies no procedural due process claim.

---

[4]    The undersigned takes judicial notice of the Immigration Court's filings in Petitioner's case, available at Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited Apr. 21, 2026). *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (quoting *United States v. Ahidley*, 486 F.3d 1204, 1192 n.5 (10th Cir. 2007)).

### C.     Petitioner identifies no statutory or regulatory violation.

When the government promulgates regulations "with the force and effect of law," agencies are bound to follow their own "existing valid regulations." *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265, 268 (1954). Pertinent here, "[t]he statutes and regulations governing immigration and removal proceedings afford important procedural safeguards to detainees." *Villanueva v. Tate*, 801 F. Supp. 3d 689, 698-99 (S.D. Tex. 2025).

Petitioner entered the United States without admission or parole after inspection. Doc. 7, Att. 5, at 2. DHS issued an NTA and detained Petitioner pending the outcome of his removal proceedings. Id. Atts. 1-4. An IJ issued an order of removal on April 1, 2026, and Petitioner can appeal that order to the BIA.

In Ground Three, Petitioner simply restates his supporting facts for Ground Two. Doc. 1, at 7-8. He identifies no statutory or regulatory violation related to his removal proceedings. So the Court should deny Ground Three.

### D.     The Court should decline to consider Petitioner's APA claim.

Petitioner alleges Respondents violated the APA because they have detained him for over six months. *Id.* at 8. Because Petitioner's claim for relief "'necessarily imply the invalidity' of [his] confinement," his claim "fall[s] within

the 'core' of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025); *see also id.* at 674 ("[G]iven 5 U.S.C. § 704, which states that claims under the APA are not available when there is another 'adequate remedy in a court,' I agree with the Court that habeas corpus, not the APA, is the proper vehicle here.") (Kavanaugh, J. concurring); *Soberanes,* 388 F.3d at 1310 ("Challenges to immigration detention are properly brought directly through habeas." (citing *Zadvydas,* 533 U.S. at 687). The Court should deny Petitioner's request for relief under the APA.

## V.   **Recommendation and notice of right to object.**

For the reasons set forth above, the undersigned recommends the Court **deny** Petitioner's habeas petition and dismiss the petition without prejudice.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by May 15, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 24th day of April, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE